UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-24107-CV-SCOLA
        (15-20395-CR-SCOLA)
MAGISTRATE JUDGE P.A. WHITE

JOSE LIMA,                      :

        Movant,                 :

v.                              :          REPORT OF
                                           MAGISTRATE JUDGE
UNITED STATES OF AMERICA,       :

        Respondent.             :
_____

Introduction

This matter is before this Court on the movant's amended motion to vacate pursuant to 28 U.S.C. §2255, attacking his sentence entered after he pled guilty to conspiracy to possess with intent to distribute a controlled substance in case number 15-20395-CR-SCOLA.

The Court has reviewed the motion (Cv-DE# 1) and all pertinent portions of the underlying criminal file. No order to show cause has been issued because, on the face of the motion, it is evident the movant is not entitled to relief. See 28 U.S.C. § 2255(b). ("Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.").

Construing the movant's claims liberally as afforded *pro se* litigants, pursuant to Haines v. Kerner, 404 U.S. 419 (1972), the movant argues that counsel "was ineffective for failing to argue at

sentencing that he was entitled to a lesser sentence due to the disparity between his sentence and that of his co-defendant and the overrepresentation of his Criminal History Category."

Discussion

The judgment of conviction in the underlying criminal case, No. 12-80119-CR-MIDDLEBROOKS, became final at the latest on December 21, 2015, fourteen days after entry of the judgment following sentencing,[1] when the time expired for filing a notice of appeal.[2] At the latest, the movant was required to file this motion to vacate within one year from the time the judgment became final, or no later than December 21, 2016. See Griffith v. Kentucky, 479 U.S. 314, 321, n.6 (1986). This motion was not filed until October 29, 2017, nearly two years after the conviction became final. Thus, it is not timely.

Pursuant to 28 U.S.C. §2255, as amended April 24, 1996, a one year period of limitations applies to a motion under the section. The one year period runs from the latest of:

> (1)  The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (2)  The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant is prevented from filing by such governmental action;

---

[1]The judgment was entered by the Clerk on December 7, 2015. (Cr-DE#95).

[2]Where, as here, a defendant does not pursue a direct appeal, the conviction becomes final when the time for filing a direct appeal expires. Adams v. United States, 173 F.3d 1339, 1342 n.2 (11th Cir. 1999). The time for filing a direct appeal expires fourteen days after the judgment or order being appealed is entered. Fed.R.App.P. 4(b)(1)(A)(i). The judgment is "entered" when it is entered on the docket by the Clerk of Court. Fed.R.App.P. 4(b)(6).

       (3)   The date on which the constitutional
right asserted was initially recognized
by the Supreme Court, if that right has
been newly recognized by the Supreme
Court and made retroactively applicable
to cases on collateral review; or

       (4)   The date on which the facts supporting
the claim or claims could have been
discovered through the exercise of due
diligence.

<u>See</u> 28 U.S.C. §2255(f).

Here, it is undisputed that the instant motion was not filed within one year from the date on which the judgment of conviction became final. The movant does not allege any impediment to making the motion created by governmental action warranting application of subsection (f)(2) or that his claim is based upon a newly recognized constitutional right. He has also not alleged that his claim is based on newly discovered facts.

With the passage of the Antiterrorism and Effective Death Penalty Act, litigants must be attentive to the time limitations for filing a motion to vacate, and make diligent efforts to file the motion within one year from the time their convictions become final. <u>United States v. Trenkler</u>, 268 F.3d 16, 24-27 (1st Cir. 2001); <u>United States v. Prescott</u>, 221 F.3d 686, 687-689 (4th Cir. 2000)(pending motion for new trial after finality of direct review does not toll AEDPA's statute of limitations); <u>O'Connor v. United States</u>, 133 F.3d 548 (7th Cir. 1998); <u>Johnson v. United States</u>, 246 F.3d 655 (6th Cir. 2001); <u>United States v. Norris</u>, 2000 WL 521482 (DC Cir. 2000); <u>United States v. Chambers</u>, 126 F.Supp.2d 1052 (E.D. Michigan 2000). The movant has failed to establish that he acted diligently in pursuing the filing of this motion.

In conclusion, the movant has not demonstrated that he diligently pursued filing of this motion to vacate within one year from the time his conviction became final. The time-bar is ultimately the result of the movant's failure to properly and timely prosecute this federal habeas corpus petition. The movant has not provided any express argument otherwise excusing his late filing of the instant motion or requesting equitable tolling.[3] In light of the failure of the movant to file his motion within the one year limitations period the motion should be dismissed as untimely.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2255 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2255 Cases.

The petitioner in this case fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84, 120 S.Ct.

---

[3]Movant is cautioned that arguments not raised by movant before the magistrate judge cannot be raised for the first time in objections to the undersigned's Report. <u>See</u> <u>Starks v. United States</u>, 2010 WL 4192875 at *3 (S.D. Fla. 2010); <u>United States v. Cadieux</u>, 324 F.Supp. 2d 168 (D.Me. 2004). "Parties must take before the magistrate, 'not only their best shot but all of the shots.'" <u>Borden v. Sec'y of Health & Human Servs.</u>, 836 F.2d 4, 6 (1st Cir. 1987)(<u>quoting</u> <u>Singh v. Superintending Sch. Comm.</u>, 593 F.Supp. 1315, 1318 (D.Me. 1984)). Thus, "[W]here a party raises an argument for the first time in an objection to a report and recommendation, the district court may exercise its discretion and decline to consider the argument." <u>Daniel v. Chase Bank USA, N.A.</u>, 650 F.Supp.2d 1275, 1278 (N.D. Ga. 2009)(<u>citing</u> <u>Williams v. McNeil</u>, 557 F.3d 1287 (11th Cir. 2009). Here, if movant attempts to raise a new claim or argument in support of this §2255 motion, the court should exercise its discretion and decline to address the newly-raised arguments.

1595, 1603-04, 146 L.Ed.2d 542 (2000) (explaining the meaning of this term) (citation omitted). Therefore, it is recommended that the Court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

## Conclusion

It is therefore recommended that this motion to vacate be dismissed as time-barred, and the case closed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Signed this 14th day of November, 2017.

_____
UNITED STATES MAGISTRATE JUDGE

cc:
Jose Lima
06141-104
McRae
Correctional Institution
Inmate Mail/Parcels
Post Office Drawer 55030
McRae Helena, GA 31055
PRO SE

Noticing 2255 US Attorney

Email: <u>usafls-2255@usdoj.gov</u>