United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Jose Lima, Movant, | ) |
| | ) |
| v. | ) |
| | ) Case No. 17-24107-Civ-Scola |
| United States of America, | ) |
| Respondent. | ) |
| | ) |

## **Order Adopting Magistrate Judge's Report And Recommendation**

This case was referred to United States Magistrate Judge Patrick A. White, consistent with Administrative Order 2003-19 of this Court, for a ruling on all pre-trial, nondispositive matters and for a report and recommendation on any dispositive matters. On November 14, 2017, Judge White issued a report, recommending that Movant Jose Lima's motion be denied. (Report of Magistrate, ECF No. 5.) Lima has filed objections (Objs., ECF No. 6). Having reviewed de novo those portions of Judge White's report to which Lima objects, and having reviewed the remaining parts for clear error, the Court adopts the report and recommendation in its entirety.

In his motion, Lima claims that he was denied effective assistance of counsel with respect to counsel's failure to advise him of the possibility of potential relief from the sentence imposed on December 7, 2015, following Lima's pleading guilty to conspiracy to possess with intent to distribute a controlled substance. As determined by Judge White, Lima's motion, filed on November 8, 2017 nearly two years after the conviction became final, is untimely. Further, as also found by Judge White, Lima fails to establish that he acted diligently in pursuing the filing of his motion. Lima objects to the untimeliness determination, and argues that he is entitled to equitable tolling. However, Lima makes this argument only in his objections to the report, and the Court declines therefore to consider it. *See Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) (the District Court has discretion to decline to consider arguments raised for the first time in objections to a magistrate's report and recommendation).

Nevertheless, even assuming the argument is proper, Lima fails to make the requisite showing for the application of equitable tolling. "Equitable tolling is an extraordinary remedy which is typically applied sparingly." *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000). A court may equitably toll the one-year

statute of limitations if the movant demonstrates (1) that he has exercised reasonable diligence in pursuing his rights and (2) that extraordinary circumstances prevented him from timely filing a motion to vacate. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Lima makes no attempt to demonstrate reasonable diligence in pursuing his rights, and a language barrier and in-custody status are not sufficiently extraordinary circumstances to warrant equitable tolling. *Cerrito v. Sec'y, Dept't of Corrs.*, 693 F. App'x 790, 792-793 (11th Cir. 2017).

In sum, the Court has considered Judge White's report, Lima's objections, the record, and the relevant legal authorities. The Court finds Judge White's report cogent and compelling. The Court thus **affirms and adopts** Judge White's report and recommendation (**ECF No. 5**). The motion (ECF No. 1) is **dismissed** as time-barred, and the Court **denies** a certificate of appealability. The Clerk shall **close** this case.

**Done and ordered** at Miami, Florida, on December 7, 2017.

_____
Robert N. Scola, Jr.
United States District Judge